**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000841
26-JAN-2017
08:14 AM**

CAAP-15-0000841

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ARTHUR BIRANO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 09-1-0040)
(CRIMINAL NO. 01-1-1154)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Petitioner-Appellant Arthur Birano (Birano) appeals from the September 2, 2015, "Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, Filed on September 9, 2009" (2015 Order Denying Petition) entered by the Circuit Court of the First Circuit (Circuit Court).[1]  We affirm.

I.

Details concerning Birano's underlying criminal case are described in State v. Birano, 109 Hawai'i 327, 126 P.3d 370 (App. 2005) (Birano I), and State v. Birano, 109 Hawai'i 314, 126 P.3d 357 (2006) (Birano II).

---

[1] The Honorable Rom A. Trader presided over the proceedings relevant to this appeal.

A.

After a jury trial, Birano was convicted of the following offenses: (1) first-degree robbery (Count I), in violation of Hawaii Revised Statutes (HRS) § 708-840(1)(b)(ii) (1993 & Supp. 2004); (2) kidnapping (Count II), in violation of HRS § 707-720(1)(e) (1993); (3) first-degree burglary (Count III), in violation of HRS § 708-810(1)(c) (1993); (4) possession of a prohibited firearm (Counts IV and V), in violation of HRS § 134-8(a) (1993); (5) ownership or possession of any firearm or ammunition by a person convicted of certain crimes (Counts VI and VII), in violation of HRS § 134-7(b) and (h) (Supp. 2004); and (6) carrying, using, or threatening to use a firearm in the commission of a separate felony (Count VIII), in violation of HRS § 134-6(a) and (e) (Supp. 2004). Birano II, 109 Hawai'i at 316-17, 126 P.3d at 359-60. The Circuit Court sentenced Birano to extended terms of imprisonment and entered its Judgment on February 18, 2003. Id. at 316-17, 322, 126 P.3d at 359-60, 365.

In Birano I, this court affirmed the Circuit Court's Judgment. The Hawai'i Supreme Court granted Birano's petition for writ of certiorari and also affirmed the Circuit Court's Judgment in an opinion issued on January 11, 2006, in Birano II.

B.

On April 3, 2007, Birano filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody" in S.P.P. No. 07-1-0012 (First Petition), which the Circuit Court denied on September 26, 2007. While Birano's appeal of the order denying the First Petition was pending before this court, Birano moved to supplement the record on appeal with a declaration by prosecution witness Nicolas Nakano (Nakano), in which Nakano stated he had testified falsely at trial. This court subsequently denied the motion to supplement on the ground that the declaration was not considered by the Circuit Court when it denied the First Petition.

2

On April 24, 2009, this court issued a Summary Disposition Order in Appeal No. 29050, which directed the Circuit Court to vacate Birano's extended term sentence and remanded the case for resentencing, but otherwise affirmed the Circuit Court's order denying the First Petition. This court stated that "[e]xcept as to Birano's claim of new evidence, Grounds One through Seven have previously been ruled upon in [Birano II, 109 Hawai'i at 323-25, 126 P.3d at 366-68,]" and therefore, relief was not available pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40. With respect to Birano's claim of new evidence, namely, that Nakano indicated that his trial testimony was not truthful, this court concluded that no evidence was submitted in the Circuit Court to support this claim, and therefore, the Circuit Court did not err in denying it.

C.

On September 9, 2009, Birano filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" in S.P.P. No. 09-1-0040 (Second Petition), which the Circuit Court denied on April 21, 2010.

On February 28, 2013, in Appeal No. 30480, this court affirmed in part and vacated in part the Circuit Court's order denying the Second Petition. This court held, in relevant part:

> The circuit court erred by failing to conduct a hearing on Ground Three. The statements in Nakano's Amended Declaration appear to constitute newly discovered evidence in accordance with [HRPP] Rule 40(a)(1)(iv) because Birano claims that Nakano contacted him in 2008 and provided him with the Amended Declaration after he filed the First Petition.
>
> The additional evidence that Birano points to is that "Nakano has indicated that the prosecutor put pressure on him to testify and that his testimony was not truthful." Birano stated a colorable claim for relief on the grounds that his due process rights were violated because Nakano's testimony was untruthful and the result of coercion by the prosecutor.

(Brackets omitted.) This court remanded the case for a hearing on Ground Three.

3

D.

On remand, Birano filed a motion to amend his Second Petition to add additional grounds for relief. The Circuit Court granted the motion in part and permitted Birano to amend the Second Petition to add Grounds Six, Seven, and Eight. The Circuit Court held evidentiary hearings on Birano's amended Second Petition. At the hearings, Birano called Nakano and a private investigator, Terry Pennington, as witnesses. Respondent-Appellee State of Hawai'i (State) called the judge who presided over Birano's trial, Judge Sandra A. Simms (Judge Simms); the trial prosecutor, Lori Wada (Wada); Nakano's lawyer at Birano's trial, Myles Breiner (Breiner); and the detective who obtained a post-arrest statement from Nakano, Michael Church. After the evidentiary hearings, the Circuit Court, on September 2, 2015, denied the Second Petition, as amended, and filed its 2015 Order Denying Petition.

In its 2015 Order Denying Petition, the Circuit Court stated:

> At their core, grounds three, six, seven, and eight are rooted in Nakano's assertion that [Ms.] Wada, Attorney Breiner, and/or Judge Simms orally promised him that he would be sentenced as a young adult defendant if he cooperated in the prosecution of [Birano] and that this off-the-record plea agreement, which was never disclosed to [Birano] or his trial counsel, violated [Birano's] constitutional rights to confrontation, a fair trial, and due process. Resolution of grounds three, six, seven, and eight turns on the court's assessment of witness credibility. It is the court's responsibility to judge the credibility of the witnesses and resolve factual conflicts in the testimony.

The Circuit Court found that the State's witnesses, including Judge Simms, Wada, and Breiner, were credible and that Nakano was not credible. The Circuit Court further found that "there was no off-the-record plea agreement that induced Nakano's cooperation to testify against [Birano]," and that "[i]nasmuch as there was no plea agreement, there was nothing for the prosecution to disclose to [Birano] or his trial counsel, nor was there any

4

reason for the prosecution to correct Nakano's assertion at trial that he did not have a plea agreement."[2]

## II.

On appeal, Birano contends that the Circuit Court erred in denying the claims he raised in Grounds Three, Six, Seven, and Eight of the amended Second Petition. In particular, Birano contends that the Circuit Court erred by finding that there was no off-the-record agreement that induced Nakano's cooperation to testify against Birano at Birnao's trial. Birano argues that the "crux of this case is whether or not there was an off the record agreement between Nakano and the State to testify against Birano." Birano claims that Nakano had an agreement with the State that if Nakano testified against Birano, the State would recommend that Nakano be sentenced to eight years in prison as a youthful offender.[3] Birano asserts that the State's failure to disclose this off-the-record agreement, or to correct Nakano's "false [trial] testimony" denying the existence of such an agreement, violated Birano's rights. We conclude that Birano's challenge to the Circuit Court's 2015 Order Denying Petition is without merit.

Birano does not contend that there was a written agreement between the State and Nakano relating to Nakano's testimony. Birano argues that Nakano was credible when he testified at a hearing on the amended Second Petition and

---

[2] We note that in this court's summary of the factual background in Birano I, which the supreme court adopted in Birano II, we stated that after Nakano invoked his Fifth Amendment rights at trial, the circuit court judge held a meeting in chambers with the prosecutor, Nakano, and Nakano's attorney. However, the minutes of the chambers conference indicate that Wada and Breiner were present, but do not indicate that Nakano was present. Moreover, the trial transcripts reflect that when trial reconvened after the chambers conference, Judge Simms stated on the record that she met with Wada and Breiner in chambers, but did not state that Nakano was present during this meeting. At the hearings on the amended Second Petition, Judge Simms, Wada, and Breiner all testified that they met during the recess called after Nakano invoked his Fifth Amendment rights at trial, but that Nakano was not present during this meeting.

[3] See HRS § 706-667 (1993 & Supp. 2000), authorizing special terms of imprisonment for young adult defendants.

asserted in his amended declaration that Wada verbally agreed that if he testified against Birano, Wada would recommend that Nakano be sentenced as a youthful offender to eight years of imprisonment rather than twenty years.

At a hearing on the amended Second Petition, Wada testified that she did not have an agreement with Nakano, or make any promise to Nakano, to recommend an eight-year sentence in exchange for Nakano's testimony against Birano. Wada testified that after Nakano asserted his Fifth Amendment rights at Birano's trial, she did not talk to Nakano about his sentencing. Wada further testified, "I've never spoken to Mr. Nakano about sentencing, ever."

Breiner testified that there was no written or oral agreement between the State and Nakano for Nakano to testify against Birano in exchange for a sentencing recommendation. Breiner testified, "There was no agreement, period." It was Breiner's understanding that if Nakano cooperated, Wada would take that into consideration, and Breiner and Nakano hoped that Wada would recommend youthful offender treatment.

Whether there was an off-the-record verbal agreement between the State and Nakano for Nakano to testify against Birano in exchange for the State's recommending an eight-year sentence as a youthful offender for Nakano was a question of fact that turned on the Circuit Court's assessment of the credibility of the witnesses. In evaluating the conflicting testimony, the Circuit Court found Wada and Breiner credible and Nakano not credible. "[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." State v. Buch, 83 Hawai'i 308, 321, 926 P.2d 599, 612 (1996) (internal quotation marks and citation omitted). We conclude that the Circuit Court's finding that there was no off-the-record agreement between the State and Nakano that induced Nakano to testify against Birano was not clearly erroneous and

that the Circuit Court did not err by denying Birano's amended Second Petition.

III.

Based on the foregoing, we affirm the Circuit Court's 2015 Order Denying Petition.

DATED: Honolulu, Hawai'i, January 26, 2017.

On the briefs:

Keith S. Shigetomi
for Petitioner-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge